JOHN CORBY and ABBE M. SAXTON, Respondents, v. HENRY R. BEAN, Appellant.

1. *Contracts — Equity — Deed of trust, reformation of — Usury.*—In an action by the grantee to reform a deed of trust given to secure the payment of a note, where the defense of usury is set up and established in evidence, plaintiff must produce his note and rebate the usurious portion thereof before he can obtain the redress sought. Defendant will not be compelled to resort to an action enjoining the sale of the property under the deed in order to maintain his rights.

*Appeal from Fifth District Court.*

*Strong & Chandler*, for appellant.

I. This suit can not be maintained in a court of equity. Equity will not assist a lender of money to enforce a usurious contract. (1 Sto. Eq. 301–2, § 64, e ; 4 Johns. Ch. 122.)

II. Plaintiffs must concede the usury in their petition, and offer to abate usury, and ask to correct and enforce the contract as to the remainder.

*Bassett & Van Waters*, and *Woodson, Vinyard & Young*, for respondents.

The petition asking no prayer for money, but only the correction of the deed, the new matter set up in the answer constituted no defense, and should properly have been stricken out.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff filed his petition in the Buchanan Court of Common Pleas, the object and nature of which was to correct and reform a mistake in a deed of trust made for his benefit.

The defendant filed his answer denying the alleged mistake, and, for a further defense, set up that the deed was executed and given to secure the payment of a sum of money loaned the defendant by the plaintiff; that the plaintiff charged the defendant twenty-five per cent. per annum for the use of the money, and embodied that amount of usurious interest in the note, and therefore asked that the petition be dismissed. On the hearing in the court below, the mistake in the description of the property inserted in the deed of trust was clearly proved.

It was also shown by plaintiff's own witness, who negotiated the loan and secured the deed of trust, that the actual amount that the defendant received from the plaintiff was $1,600, and that he gave his note therefor for $2,000, the $400 being charged as interest for the use of the money for one year, after which the note was to bear ten per cent. Upon this evidence the court decreed the reformation of the deed, but gave no relief to the

defendant. Error being brought to the District Court, the decree was affirmed, and an appeal taken here.

The doctrine laid down in the books is that, as usurious contracts are void, courts of equity will not assist the lender when he comes into court asking relief; and that, when he seeks to enforce the contract, the court will refuse all assistance and repudiate the contract.

But our statute does not make usurious contracts utterly void: it declares that where a higher rate of interest has been contracted for than the law sanctions and allows, the court shall render judgment for the sum of money actually lent, and interest thereon at the rate of ten per cent. per annum, upon which judgment the court shall cause an order to be made setting apart the whole interest for the use of the county in which such suit may be brought, for the use of the common schools, and the defendant may recover his costs.

It is a maxim of equity law, of universal application, that he who seeks equity must do equity. Therefore, a court of equity will not assist a person in recovering an unjust or unconscionable claim. Before he can obtain relief he must offer, or be willing, to do what is just and reasonable.

The court below took the position that if the deed was not reformed and the mistake corrected, Corby would be remediless, and the only protection for the defendant would be to enjoin the sale when steps were taken to sell the property under the deed of trust. We do not coincide with that view.

When a court of equity once obtains jurisdiction of a cause, it will retain the same, to do full and complete justice between both the parties. It will, as far as possible, prevent multiplicity of actions, and will not turn a party out of court where his rights may be adjusted and determined without that measure. Either Corby must purge his claim of its illegal and objectionable features, or he can get no redress. I can see no equity in giving him all he asks for, and then compelling the defendant to resort to a new and distinct suit to maintain his rights.

If Corby seeks equitable intervention, he must submit to equitable terms; he must be willing to concede to others what he

25—VOL. XLIV.

demands for himself. Before he can claim the interference of the court he must produce the note, and have it also reformed and relieved of the taint of usury. If he is not willing to rebate from his ill-gotten demands, his bill should be dismissed. It is a mockery of justice to appeal to a court of conscience to uphold and render effective an illegal transaction, and then say to the victimized party: this court does not recognize you; if you wish to defend your rights and obtain justice, you must go elsewhere— you must go through the tedious and expensive process of instituting a new suit, although there is no reason why the whole matter may not be determined at once. Such is not equity..

The judgment will be reversed and the cause remanded; and if the plaintiff will bring in the note, in pursuance of the above-indicated views, the court will proceed to adjust the equities between the parties. The other judges concur.