JAMES HEMERY, Respondent, *vs.* LYNN B. MARKSBERRY, DANIEL SMOOTE and IRA BACON, Appellants.

1. *Promissory note—Agreement for extension—Surety, how affected by, etc.*—An agreement between the principal and payee of a promissory note, made at or after maturity, for an extension, in order to discharge a surety thereon, must be a valid and binding agreement which would deprive the payee of the power to sue until after the period of extension; but a mere indulgence, without any consideration passing, would have no such effect.

2. *Promissory notes—Suretyship—Agreement for usurious interest, etc.*—Generally, where the holder makes with the principal maker a binding contract which varies the terms of a note, without the consent of the surety, the holder knowing of the suretyship, the latter is discharged. But this rule does not cover the case of an agreement without any consideration for the payment of interest at more than ten per cent. where payment was made to depend simply on the personal honor of the maker of the paper.

3. *Usurious interest on notes—Contract void, how far—Schools—Construed statute.*—A contract for usurious interest on a note does not render the note void *in toto*, but only as to interest upon the amount actually loaned, the legal interest being recoverable for the use of the common schools. (Wagn. Stat. 783, § 5.)

*Appeal from Daviess Circuit Court.*

*W. M. Rush*, for Appellants.

I. Where a promissory note is given upon a consideration that is illegal, or is prohibited by statute in whole or in part, such note is void in the hands of the payee thereof. (Pars. Notes & Bills, 212–217; Pars. Contr., 456; Chitty Bills, 92, 93, 99; 8 Cow., 19, 20; Johns., 1.)

II. If the payee, with knowledge of the suretyship, make any contract with the principal without the consent of the surety, which varies the terms of the original contract for the performance of which he became responsible, and is prejudicial to him, he is discharged. (1 Pars. Notes & Bills, 238; *Ibid*, Vol. II, p. 8, note s.; 17 Johns., 384; 2 Pick., 223; 3 Pick., 5.)

III. As between the original parties an usurious contract, or a contract founded upon an usurious consideration, is void, and the taint of usury is carried forward through all subsequent securities taken for the same debt. (8 Cow., 670; 9 Cow., 647; 24 Wend., 230; 15 Johns. 353; 17 Johns., 176; 19 Johns., 1; 20 Johns., 286; 1 Kern., 386.)

*Hargis & Hincklin,* for Respondent.

I. It is well settled that to release sureties on account of an extension, the contract extending the time of payment must be such as to suspend the right of action of the payee or holder. (Edw. Bills & Notes, 538, § 572; Reynolds vs. Ward, 4 Wend., 501.)

II. Our statute does not render usurious contracts void except as to the amount charged in excess of ten per cent. as interest; and unless it does so declare, the usurious contract is no more void as to one party than another. (1st Nat. Bank of Columbus vs. Garlinghouse, 26 Ohio St., 492; Selser vs. Brock, 3 Ohio St., 302.)

VORIES, Judge, delivered the opinion of the court.

This action was brought to recover on a promissory note the sum of six hundred dollars with interest.

The defendants, Smoote and Bacon, by their answer set up several defenses; 1st—that they were only the sureties of their co-defendant, Marksberry, for whose accommodation they executed the note sued on, and that plaintiff knew at the time that they were such sureties, and after the maturity of the note, the plaintiff, without the knowledge or consent of said defendants, made an agreement with the principal in the note to extend the time of payment of said note for about six months, and did so extend the time, in which time the principal became insolvent;· 2nd—that plaintiff, before the execution of the note sued on, had agreed with the principal in the note to loan him six hundred dollars on condition that he would procure two solvent sureties to execute a note with him for said amount; and that after the execution of said note and without the consent of the sureties, the agreement was so changed that the amount of the loan was reduced to the sum of $570; that said fact was concealed from the said sureties, and that $570 was the sum really loaned to said Marksberry, whereby the note became void as to the said sureties; 3rd —that the note was executed in pursuance of an usurious contract made between plaintiff and defendant, Marksberry,

without the knowledge or consent of said defendants, where-by the plaintiff secured to himself, and the said .Marksberry agreed to pay plaintiff for the loan of said sum of money, a greater sum than interest at the rate of ten per cent. per annum, that is to say, the sum of twenty per cent. per annum; that the sum of thirty dollars was deducted and reserved from the amount named in said note, and the balance only ad-vanced to said Marksberry, and the whole amount of six hundred dollars for which the note was executed was made to bear interest at the rate of ten per cent. per annum, and the note payable in six months from date. Wherefore it is prayed that said note be cancelled as to said defendant, and that they have judgment for their costs, etc.

The plaintiff filed a replication to the answer, putting in issue the affirmative allegations therein. Defendant Marks-berry filed no answer. A jury was waived by the parties and the case tried by the court.

After the evidence was heard, the issues made by the two first defenses set forth in the answer of said defendants were found in favor of the plaintiff, and the issue of usury set up in the third defense in the answer was found for the defend-ants, and a judgment was rendered against the defendants in conformity to the statute of this State concerning usury. (Wagn. Stat., 782.)

.The defendants in due time filed their motion for a new trial which was overruled by the court, and the defendants excepted and appealed to this court.

It should have been stated that the defendants asked the court to make eleven declarations of law at the close of the evidence, which were refused by the court and they excepted.

Some of these declarations of law contained correct abstract propositions of law; but as there is nothing in them or in the case that cannot as well be decided without any reference being made to them, they will not be further noticed.

In reference to the first defense set up in the answer of the defendant it need only be said, that an agreement between the principal in a promissory note and the payee thereof, made at or

after the maturity thereof, to extend the time for the payment thereof, in order to have the effect of discharging the sureties on the note, must be a valid and binding agreement, by which the payee in the note would deprive himself of the power to sue on the note until after the expiration of the time to which the payment has been postponed. The evidence relating to that defense in this case was uncontradictory and was to the effect, that after the note sued on became due, the plaintiff applied to Marksberry, the principal, and requested him to pay the note; that Marksberry told plaintiff that he could not pay the note until he could sell his hogs—which could not be done for some months, and that he wanted plaintiff to indulge him until his hogs were sold; that plaintiff simply assented to indulge him for the time being. No consideration was offered or paid for the indulgence and no agreement to postpone the payment of the note for any specified time.

It certainly cannot be necessary to use any argument or citation of authorities to show that such an agreement, if it could be dignified with that name, would not be binding on the plaintiff or release the defendants from their responsibility on the note.

Is is next contended by the defendants, Smoote and Bacon, that the note signed by them purported to be for the loan of $600 at ten per cent. interest, and that they were told by Marksberry that $600 loaned at ten per cent. interest was the consideration of the note, while at the same time there was an agreement between the plaintiff and Marksberry that thirty dollars in addition to the ten per cent. interest named in the note, or twenty per cent. interest, was to be charged for the money loaned; and that, in fact, only $570 was ever advanced to Marksberry as the consideration for said note, and that these facts were concealed from said defendants, which operated as a fraud on the defendants and released them from liability on the note.

The evidence is also uncontradictory on this subject, and is to this effect. Marksberry applied to the plaintiff for a loan of $600. The plaintiff told him that he could have the

money if he would give him a note therefor with two solvent sureties; that others were paying him twenty per cent. for the loan of money; that he would let him have the money on a note bearing ten per cent. interest and that he would trust to his honor for the other ten per cent.; that Marksberry went to Smoote, who wrote the note and signed it as his surety, and that Bacon afterwards signed it; that Marksberry did not tell either Smoote or Bacon that he was to pay any more interest on the loan than ten per cent; that Marksberry took this note and delivered it to the plaintiff, who handed him $600; that after Marksberry received the money, he took from the money received and paid plaintiff thirty dollars, which was to pay plaintiff the ten per cent. interest, the payment of which was left to his honor.

There is no evidence that plaintiff ever saw either Smoote or Bacon on the subject, or made any representation to them in reference thereto. It is true that generally, where the creditor makes any binding contract with the principal, knowing of the suretyship, without the consent of the surety, which varies the terms of the original undertaking for the performance of which he becomes responsible, he is discharged.

The responsibility of the surety depends upon the validity of his original contract, and this depends upon the assent of both parties. (1 Pars. Notes & Bills, 238.)

The original contract in this case is expressed in the note which is to pay plaintiff the amount in the note. No contract was afterwards made which varied the terms or obligations of the contract, and no valid or binding contract was ever made in this case which was different from the terms of the note. Whatever agreement was made or undertaking had between the parties to pay any sum over ten per cent. interest for the money loaned was not binding, but was left to the honor or option of the principal in the note, and was usurious and could not have been collected for that reason. No fraud or concealment or other deception in reference to the terms of the loan was practised on the defendants by the plaintiff; for the plaintiff, until the note was handed to him by

the principal, did not, from what appears in the evidence even know who were to be sureties on the note.

But it is insisted the contract for usurious interest, being in violation of the statute in reference to interest on money, is void, and that no recovery can be had on the note given for the money; but that the recovery under the statute is not on the note but only for the money actually advanced or loaned, and that the sureties only being liable on the note if at all, no recovery can be had against them.

It is only necessary to say, in reference to this proposition, that our statute does not make usurious contracts absolutely void; but prescribes the penalty for a violation of the statute which is a forfeiture of all interest on the real sum loaned, the legal interest being recoverable for the use of common schools. (1 Wagn. Stat., 782, 783; Corby vs. Bean, 44 Mo., 379; Ransom vs. Hays, 39 Mo., 445.)

The defense of usury set up in this case was found for the defendants, and judgment rendered in conformity to the provisions of the statute before referred to; and we think the judgment of the court was correctly rendered.

The judgment is affirmed; Judge Sherwood is absent, the other judges concur.