### SIDNEY SMITH v. SCHOOL DISTRICT NO. 2.

1. CONTRACT, *to Extend Day of Payment.* A contract was made between the plaintiff and defendant for a sale of furniture from the plaintiff to the defendant. The furniture was to be paid for on the 1st of February 1874. The defendant asked for an extension of the payment for one year. The plaintiff agreed to such extension upon the express condition that the defendant would pay to the plaintiff $4.22 for such extension. The defendant never accepted or assented to said condition. *Held,* That the time for payment was not extended.

2. ———— *Instructions, When Erroneous.* In such a case the court instructed the jury, "that if defendant notified the plaintiff that it (the defendant) could not pay for said goods according to the agreement, and asked a year's extension of time, and in reply plaintiff shipped the goods, accepting the offer to wait until February 1875, the jury will find for the defendant," wholly ignoring said condition of the plaintiff. *Held,* That said instruction was misleading, and erroneous.

*Error from Nemaha District Court.*

ACTION by *Smith* against *School District No. 2, Nemaha County,* on a contract for the sale and purchase of school furniture. Trial at the October Term 1874. Verdict and judgment for defendant. *Smith* brings the case here. The opinion contains a full statement of the facts.

*Baker & Dill,* for plaintiff.

*Joseph Sharpe,* for defendant.

21—17 KAS.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Sidney Smith against school district No. 2, of Nemaha county, for $238.50 claimed to be due for certain school furniture furnished by the plaintiff to the defendant. Several questions have been raised in this court by counsels' brief, but the record so obscurely presents the most of them that it would be wholly useless for us to attempt to comment upon them. With reference to most of them we could hardly tell, even with the most careful investigation, whether the court below erred or not. The main question however in the case, both as to law and fact, seems to be whether the parties after making their original contract made a subsequent agreement for the extension of the time for the payment of the price of said furniture. By the original contract the furniture was to be paid for on the 1st of February 1874; and the defendant claims that by a subsequent agreement the time for such payment was extended one year. We have all the evidence before us that was introduced on the trial in the court below, and while it seems that it was supposed that such evidence proved an extension of time, yet we think it proves directly the reverse. Nor was the evidence conflicting; but on the contrary, so far as this question is concerned, it was consistent and harmonious. The clerk of the defendant testified "that he wrote a letter to plaintiff in which he as the clerk of defendant made a proposition for an extension of the time in the contract stated, or asked the plaintiff what the plaintiff would take and extend the time one year; that the plaintiff replied, and proposed to defendant that if defendant would pay him an additional sum of $4.22 he would extend the contract one year; that to this proposition of plaintiff the defendant did not reply accepting or rejecting the offer made by plaintiff." There was some other evidence upon this same question, but it was all of the same import, except that some of it showed that some days after the defendant received the said letter from the plaintiff, but within the same month,

the defendant sent another letter to the plaintiff denying all obligation to him, and all contract with him. The court refused to give a certain instruction to the jury for the plaintiff with reference to said extension, but gave one for the defendant upon the same subject. The instruction given for the defendant reads as follows: "The court instructs the jury, that if defendant notified the plaintiff that it could not pay for said goods according to the agreement, and asked a year's extension of time, and in reply plaintiff shipped the goods, accepting the offer to wait until February 1875, the jury will find for the defendant." This was the only instruction that was given in the case, and it was misleading, and erroneous. It is true, that the plaintiff shipped the goods after the defendant asked for the extension of time; and it is also true, that the plaintiff at the time he shipped the goods made the offer to wait for his pay until February 1875; but he made this offer only upon the express condition that he should receive for his goods $4.22 more than he was to receive for them under the original contract; and this offer was never accepted by the defendant. There was not the slightest evidence tending to show any such acceptance. Therefore no new contract or agreement was ever made between the parties extending the time for payment; and therefore the plaintiff had the unquestionable right to insist upon payment being made under the original contract, and to insist on being paid on February 1st 1874. This suit was commenced August 31st 1874, and was therefore commenced long after the plaintiff's claim became due. The error of the court below was in wholly ignoring the condition attached to the plaintiff's offer to extend the time for payment. The jury in accordance with the foregoing instruction rendered a verdict in favor of the defendant. The plaintiff then moved for a new trial on the grounds that the verdict was not sustained by sufficient evidence, and that the court erred in instructing the jury. This motion was overruled, and here again we think the court below erred. Judgment was then rendered upon the verdict in favor of the defendant. And for the errors above

mentioned this judgment must be reversed, and cause re-
manded for a new trial.

. All the Justices concurring.