————o————

WILLIAM W. PERRINE, Appellant, vs. WILLIAM POULSON, Respondent.

1. *Mortgages—Redemption of incumbrances by subsequent owner—Payment of usurious sums, etc.*—The owner of land has his action in equity to redeem it from an incumbrance placed upon it by a prior owner, by paying the amount justly due thereon, deducting from the incumbrance whatever part thereof consists of usurious interest; but he can make no deduction for usurious interest already paid by the former owner.

*Appeal from Clinton Circuit Court.*

*Thos. E. Turney* and *S. H. Corn,* for Appellant.

*William Henry,* for Respondent.

ADAMS, Judge, delivered the opinion of the court.

This was an action in the nature of a bill in equity, brought by the plaintiff as owner of a lot in the town of Cameron, in Clinton County, to redeem the same from a mortgage with power of sale, and for a temporary injunction against a sale by the mortgagee until the case could be finally determined.

A temporary injunction was granted by two Justices of the County Court.

At the return term of the summons the defendant appeared, and filed a motion to dissolve the injunction, upon the ground that no notice had been given to the defendant, and also upon the further ground, that the petition did not state facts sufficient to constitute a cause of action.

The court sustained this motion and dissolved the injunction, and proceeded to assess damages in favor of the defendant and entered up judgment for the same.

The court seems to have treated the motion to dissolve the injunction as a demurrer to the bill, and sustained it on the ground that the plaintiff had no standing in court.

The plaintiff saved his exceptions, and brought the case here by appeal.

The petition substantially states; that the plaintiff had purchased the lot and became the owner thereof, in fee, that he was not aware of the mortgage held by the defendant; that Encell, who formerly owned the lot, had executed the mortgage to secure the payment of the note mentioned in the mortgage; that this note consisted largely of usurious interest which had been embodied in the note as a part thereof, and Encell who had given the note had made payments on the note which had not been credited. The petition charges that some of those payments consisted of usury paid to the defendant.

The petition alleges that the plaintiff has offered to pay to the defendant whatever amount may be justly due him, and in his petition he still offers to pay all that is justly due on the mortgage, etc.

The plaintiff being the owner of the property, which had been incumbered by a prior owner, had the undoubted right to remove the incumbrance by paying the amount that was justly due the defendant as mortgagee, and thus stop the threatened sale of his property.

If the debtor had paid usury subsequent to the execution of the mortgage, he could not recover back such usury. (See Ransom vs. Hays, 39 Mo., 445.) Nor can the plaintiff here be allowed credits for such usury so paid. But he alleges that the note itself is made up in part of usurious interest.

H. & N. L. Plank Road & Bridge Co. v. Bowling.

The defendant would not be allowed to recover such interest, and it is not legally due him. (See W. S., 783, § 4; McGlothlin vs. Hemery, 44 Mo., 350; Corby vs. Bean, 44 Mo., 379.)

The plaintiff has the right to redeem his land by paying what was due to the defendant after deducting the usurious interest, and any just payment that may have been made by the debtor. This he offered to do, and it was all he was bound to do in order to redeem his property and stop the sale by the mortgagee.

Judgment reversed and cause remanded. Judges Vories and Sherwood concur; Judges Napton and Wagner absent.