———o———

ARTHUR KIRKPATRICK, Respondent, *vs.* FREDERICK W. SMITH AND THOMAS B. WEAKLEY, Appellants.

1. *Promissory notes—Usurious interest, cannot be credited upon.*—Usurious interest paid upon a note to procure an extension, cannot be recovered back, and in suit upon the note such payments cannot be applied as credits upon the note. (Perrine vs. Poulson, 53 Mo., 309; Ransom vs. Hays, 39 Mo., 445.)

2. *Promissory notes—Antecedent equities, etc.*—An innocent purchaser, before maturity without notice, of a negotiable promissory note, cannot be affected by antecedent equities.

*Appeal from Buchanan Common Pleas Court.*

*Loan & Van Waters*, for Appellants.

*Thomas & Ramey*, for Respondent.

ADAMS, Judge, delivered the opinion of the court.

This was an action brought by the plaintiff as indorsee, against the defendant Smith as maker, and the defendant Weakley as indorser, of a negotiable promissory note. The petition alleges that the plaintiff was indorsee of a note for value before maturity. The defendant Weakley set up no defense; the defendant Smith set up by answer the following defense: He denied that the plaintiff was an innocent holder before maturity for value, and charges that there was a fraudulent combination between Weakley and the plaintiff to deprive defendant of the benefit of certain payments he had made, which together with his admitted payment of interest indorsed on the note, paid off the debt. He charges that those alleged payments were made of moneys which had been collected by Weakley on certain notes, a list of which is set out in the answer, which had been delivered by him to Weakley for that purpose when he executed the note sued on; and that Weakley held the note sued on, as owner till long after it matured, and till a short time before this suit was brought, and then transferred it to plaintiff for the purpose of cheating him, Smith, out of two payments, under the false pretense that the plaintiff had taken the note before maturity for value. This was the only defense, based on payments, contained in the answer. The plaintiff replied denying all the material allegations of the answer. The case was submitted for trial to a jury, and the bill of exceptions alleges that each party gave evidence conducing to prove the facts relied on by them in their respective pleadings. The bill of exceptions also shows that the defendant offered to prove that on several occasions, and at several times, money had been paid to the plaintiff by way of *bonus* for an extension of the time on the note sued on; that by agreement between the parties, this money so paid was not to be a payment on the note, but simply as a *bonus* for further extension of the time of pay-

ment. This evidence was objected to by the plaintiff upon the ground that there was no foundation in the answer or pleadings for its admission. The court sustained the objection and the defendant excepted.

At the instance of the plaintiff the court gave three instructions to the jury. The first two were not objected to, and therefore need not be set forth here. The third which was objected to, reads as follows: "Third, the jury cannot allow in this case any pretended payment or credit for monies paid by defendant Smith as a *bonus* or premium for the extension of the time of payment of the note sued on, which by agreement of parties was not to be credited on said note."

The defendant asked five instructions, the second and third of which were refused, and the others given. The second instruction raised the same question presented by the third instruction given for plaintiff, asking that credit should be allowed for money given as a *bonus*, for extension of the time of payment of the note sued on. The third instruction of defendant which was refused, asserted "that if Weakley collected any of the notes delivered to him as collateral security for the note sued on, and failed to pay the money as collected on said note, such failure was a misappropriation of said money for which Smith is not responsible." The other instructions given on both sides presented the issues fairly to the jury and are not complained of and need not be noticed.

The third instruction given for plaintiff, and the defendant's second instruction which was refused, and the rejected evidence present the only material question necessary for us to consider. The point is whether the defendant Smith, should have been allowed as credits or payments on the note sued on, such sums of money as he paid for extensions of time. There was no foundation laid in the answer for the admission of the evidence concerning these alleged payments. The answer sets up no such payments, and the evidence was properly rejected on that account; but viewed in any light,

they could not be used as credits or payments on the note sued on. If they be treated in the light of usurious interest paid for the extension of time, they could not be recovered back or applied as credits on this note. (Perrine vs. Poulson, 53 Mo., 309; Ransom vs. Hays, 39 Mo., 445.) The third instruction for the defendant which was refused, was not a correct proposition of law, as applied to this case. This was a negotiable note alleged to have been indorsed to the plaintiff before maturity for value, and the question whether it was so indorsed is wholly ignored by this instruction. If the plaintiff was an innocent purchaser of the note without notice, he could not be affected by the failure of Weakley to pay over the money he collected for defendant Smith. Upon the whole record I think the judgment was for the right party.

Judgment affirmed, Judge Vories did not sit; the other judges concur.