MURDOCK, Respondent, v. LEWIS, Appellant.

St. Louis Court of Appeals, May 17, 1887.

1. PLEADING—DURESS PER MINAS.—In pleading *duress per minas*, an allegation of the plaintiff's "threats, intimidation, and overbearing persistency," is insufficient; the nature of the threats, and the defendant's fear of their execution, must be alleged.

2. CONTRACT—ACQUIESCENCE.—Acquiescence, for three years, in a contract, with full knowledge of its nature, is evidence of a voluntary execution of it, which precludes equitable relief.

3. ——— CONSIDERATION—BACK INTEREST.—The extension of the time of payment of a debt admitted to be due, is a sufficient consideration to support a promise to pay back interest on such debt.

4. ——— PLEADINGS—ADMISSIONS.—An admission, in an answer, that a debt was due and payable at a time certain, and that a note was executed therefor, with interest, payable at a subsequent date, is an admission of extension of the time of payment of a valid and subsisting debt.

5. ——— Where an answer admits the extension of time for the payment of a valid and subsisting debt, the further allegation that the promise to pay back interest was made, without any consideration or advantage to the defendant, or disadvantage to the plaintiff, or any lawful consideration, whatever, for the undertaking, is not a statement of fact, but is an argumentative conclusion.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Affirmed.*

DYER, LEE & ELLIS, and BERRY & RICHEY, for the appellant: The contractual obligation to pay interest is regulated and limited by statute, and can not exist in law if not conformable to the statute. *Compton v. Johnson*, 19 Mo. App. 88. Where the statute allows interest upon a promise in writing, without the writing there can be no claim of interest. Rev. Stat., sects. 2724, 2728 ; see, also, *Moore v. Bank*, 22 Mo. App. 684 ; *Sammis v. Clark*, 13 Ill. 544 ; *Hitt v. Allen*, 13 Ill. 592 ; *Myers v. Walker*, 24 Ill. 133 ; *Close v. Fields*, 3 Texas, 232. The mere fact that one is a depositary, or bailee, of money, does not, in itself, carry a liability for interest. 1 Am. Law Cases, 637. It will not be here questioned that the defendant may set up the want of lawful consideration, as a complete defence against the note, or any part of the sum therein. The paper has never been negotiated, and the controversy is between the maker and payee. 1 Chitty's Cont. 26 ; *Thatcher v. Dinsmore*, 5 Mass. 301. A note given without any existing (or concurrent) indebtedness, is void. *Rollins v. Lashus*, 74 Me. 218 ; *The State v. Illyes*, 87 Ind. 405 ; *Parsons v. Pendleton*, 59 Ind. 36. There was no moral obligation which would support the promise. *Dodge v. Adams*, 19 Pick. 429 ; *Ehle v. Judson*, 24 Wend. 97 ; *Cook v. Bradley*, 7 Conn. 57 ; see, also, 2 Greenl. on Evid. 126 ; *Hawley v. Farrar*, 1 Vt. 420 ; *Turlington v. Slaughter*, 54 Ala. 195 ; *Updike v. Titus*, 13 N. J. Eq. 151 ; *Smith v. Ware*, 13 Johns. 257. The answer distinctly alleges that there was no subsisting debt. Nervous and physical prostration made him "not able to withstand the threats, intimidation, and overbearing persistency" of the plaintiff. There was in full force, that "undue advantage" which Thompson, J., in *Nelson v. Betts* (21 Mo. App. 219), de-

clares effectual to vitiate a contract so unfair and extortionate on its face. As a mere admission of liability, the defendant's promise stands upon the same footing with that in *Evans v. Verity* ( Ry. & M. 239 ), where Littledale, J., non-suited the plaintiff, saying : "The plaintiff here does not prove any consideration on which the defendant became indebted to him, but insists on his right to recover upon an admission of liability made by the defendant on a statement of account between them." To the same effect are *Johnson v. Bennett* ( 1 Spears [S. C.] 209), and *Cabot v. Haskins* (3 Pick. 83). The fundamental rule appearing from these cases is, that no legal liability can be created by any admission of liability which does not, in fact, exist. *Gunning v. Royal*, 59 Miss. 45 ; *Briscoe v. Kinealy*, 8 Mo. App. 76. And an executed consideration can never support a promise, unless it is shown to have followed a precedent request from the promisor. *Bulkley v. Langdon*, 3 Conn. 76 ; *Carson v. Clark*, 2 Ill. 113 ; *Sowerwein v. Jones*, 7 Gill. & J. 335 ; *Jones v. Shorter*, 1 Ga. 294 ; *Chaffee v. Thomas*, 7 Cow. 358. "To exact from the debtor interest on the previous arrears of interest, without a previous special and particular agreement for that purpose, is inadmissible. * * * The agreement on the part of the defendant to pay compound interest, retrospectively, does not alter the case, for the maxim, *volenti non fit injuria*, does not apply in these cases." *Van Benschooten v. Lawson*, 6 Johns. Ch. 315. To the same effect are : *Connecticut v. Jackson*, 1 Johns. Ch. 13 ; *Wilcox v. Howland*, 23 Pick. 167 ; *Toll v. Miller*, 11 Paige, 228 ; *Forman v. Forman*, 17 How. Pr. 255 ; *Kennon v. Dickins*, Cam. & M. (N. C.) 357 ; *Childers v. Deane*, 4 Rand. 406 ; *Kellogg v. Hickok*, 1 Wend. 521. All these decisions denounce as void, and not enforceable by law, a promise to pay interest, retrospectively ; in other words, to pay back interest, not previously agreed upon.

George A. Castleman, and Edward White, for

the respondent: There was no duress. *Nelson v. Betts*, 21 Mo. App. 219; *Turley v. Edwards*, 18 Mo. App. 676; *Davis v. Luster*, 64 Mo. 43. Interest may be received, and recovered, without express contract. (*a*) Upon money advanced for the use of another from the date of advancement. *Barrel v. Joy*, 17 Mass. 226; 1 Brown's Chancery Cases, 440; *Sims v. Welling*, 8 Serg. & Rawl. 109; *Dilworth v. Sinderling*, 1 Binney, 495; *Weeks v. Hasty*, 13 Mass. 218; *Gibbs v. Bryant*, 2 Metcalf, 175; *Hastie v. DePeyster*, 3 Caines, 195; *Breckinridge v. Taylor*, 5 Dana, 114; *Goodloe v. Clay*, 6 B. Monroe, 238; *Leotard v. Graves*, 3 Caines, 227; *Kaimes v. Smith*, 12 Johns. 156; *Bell v. Glass Co.*, 3 Com. 419. (*b*) On money had and received for the use of another. *Kirkman v. Vanlies*, 7 Ala. 229; *Lewis v. Bradford*, 8 Ala. 632; *The People v. Gasherie*, 9 Johns. 71; *Pease v. Barber*, 3 Caines, 266; *Robinson v. Bland*, 2 Burr, 1077; *Rapelie v. Emory*, 1 Dall. Rep. 349; *Thomas v. Weed*, 14 Johns. 255; *Miller v. Bank*, 5 Wharton, 505; *Wood v. Robbins*, 11 Mass. 505; *Sims v. Willing*, 8 Serg. & Rawl. 109; *Bedell v. Janny*, 4 Gilm. (9 Ill.) 202; *Selleek v. French*, 1 Conn. 32, 35; 1 American Leading Cases [5 Ed.] 610. (*c*) Back interest upon interest, even, may be recovered, when there is no express contract, prior or subsequent, to pay it. *Kennon v. Dickens*, Camp. & N. (N. C.) 360; *Watkinson v. Root*, 4 Ohio Rep. 373; *Pierce v. Rowe*, Adams (1 N. H.) 179; *Wright v. Eaves*, 10 Rich. Eq. (S.C.) 594; *Wilcox v. Howland*, 23 Pick. 168; *Greenleaf v. Kellogg*, 2 Mass. 568; *Stewart v. Petrie*, 55 N. Y. 621. Interest upon interest may be recovered in the absence of an express contract. Such was the personal opinion of Lord Thurlow, in *Waring v. Cundiff* (1 Ves. Jr. 99). *Wilcox v. Howland*, 23 Pick. 168; *Barrell v. Joy*, 16 Mass. 226; *Forman v. Forman*, 17 How. Pr. 255; *Stone v. Bennett*, 8 Mo. 41. (*d*) And especially when there is an agreement to that end after the original contract. *Connecticut v. Jackson*, 1 John Ch. 13; *Forman v. Forman*, 17

How. Pr. 257.    (e) And it is equitable to receive it, even when the policy of the law forbids a recovery for it. *Toll v. Hiller*, 11 Paige, 231.    (*f*) A case on all fours with this is decided by Chief Justice Shaw.    *Wilcox v. Howland*, 23 Pick. 168.

Thompson, J., delivered the opinion of the court.

This was an action on a promissory note, given for $1,503.25, on March 20, 1875, payable twelve months after date, with interest at ten per cent. per annum from date, with the provision that, "if the interest thereon be not promptly paid annually, or when due, the same shall, when due, be added to, and become a part of, the principal, and bear interest at the same rate."

The court, on motion of the plaintiff, struck out a part of the answer, which was as follows:

"The defendant states that, for some time prior to the year 1866, and up to the date of the said note, the defendant was rendering professional services, as an attorney at law, in a large number of lawsuits, and other matters, for the plaintiff, and kept a running book account of the same, including all credits for collections made by the defendant in the plaintiff's favor, and debits for sundry amounts paid over to him, and for fees charged by the defendant for his said services; that no general settlement of said account was ever made, or attempted, between the parties, until the day of the date of the said promissory note; that among the said credits in the plaintiff's favor was one for the sum of $1,153, on account of a collection bearing date the fifth day of February, 1868, which so remained thereafter as a credit on the defendant's books during all the time of said running account; that, on the same day on which said collection was made, the plaintiff was duly informed thereof by the defendant, and voluntarily permitted the sum collected to remain in the defendant's hands, in consideration of the large amount of fees already due, and of fees thereafter to become due to the defendant, on ac-

count of his professional services in cases which were still pending and undetermined. The defendant avers that, although the plaintiff well knew the fact of said collection, on, and at, all times after the day on. which it was made, yet the said plaintiff never demanded any payment on account thereof from the defendant, but, at all times, freely consented and desired, until the making of the settlement hereinafter mentioned, that the matter should remain as it then stood; that the defendant was, at all times, ready and willing, and so informed the plaintiff, from time to time, to account for, and settle, the matter of the said collection, yet the plaintiff voluntarily and repeatedly deferred, and postponed, the making of such accounting and settlement, until it should better suit his convenience; that, during all the time of said delays and postponement, there was never any. promise, undertaking, or understanding, of any kind whatsoever, to the effect that interest was to be paid, or accounted for, by the defendant, upon the amount of said collection, or any part thereof, nor was such interest, or any possible liability therefor, ever spoken of, by either of the parties, until the time of the said settlement, hereinafter mentioned.

"The defendant further states that, on the twentieth day of March, 1875, the defendant exhibited to the plaintiff his account of all the debits and credits existing between them, from the year 1866 up to that time; and, after certain modifications of some of the items, it was then and there agreed, by and between the parties, that there remained a balance due, from the defendant to the plaintiff, of $691.70; that, thereupon, the plaintiff claimed and demanded that there be added to said balance of $691.70, in his favor, a sum to be ascertained by computing interest at the rate of ten per cent. per annum, compounded annually, from the fifth day of February, 1868, until the date of said accounting; that the plaintiff did not claim, or, in any manner, pretend, that such interest, or any liability for interest, had ever

before that time been assumed, promised, or undertaken by the defendant, or had ever been demanded, or required, by the plaintiff, or that any understanding had ever existed between the parties that interest, at any rate, or in any amount, should be paid, or assumed, by the defendant. But the plaintiff peremptorily and violently demanded that the said sum, for back interest, should be added to the defendant's indebtedness, because, as he averred, he had always made his money bring him ten per cent. interest, compounded, and intended to do it now; that the defendant, thereupon, refused, and denied any, and all, liability on account of such supposed back interest, or any part thereof, and did not then, or at any time afterwards, admit that he was, in any manner, bound, or liable, in law, for the payment of the same. But the defendant, being, at that time, in extremely bad health, and in a low condition of physical and nervous prostration, was not able to withstand the threats, intimidation, and overbearing persistency, then and there employed by the plaintiff in enforcing his said unjust demand; and, because of the defendant's said inability, and for no other reason, the defendant finally yielded to the plaintiff, and signed the note here sued on, containing, as a part of the principal, the said sum of $811.55, for said unjust and unfounded claim of back interest, as aforesaid, without any consideration of advantage to the defendant, or of disadvantage to the plaintiff, or any lawful consideration whatever for the undertaking thereby expressed."

To another portion of the answer, which was in the following language, the court sustained a demurrer:

"The defendant, further answering, states that, at the time of the making of the note sued on, the whole amount of existing indebtedness from the defendant to the plaintiff, and for which the said promissory note ought to have been given, was the sum of $691.70, and that the further sum of $811.55 was added thereto for principal in said note without any lawful indebtedness

or consideration whatsoever, upon a pretended claim, on the part of the plaintiff, for back interest at ten per cent. per annum, compounded annually, from the fifth day of February, 1868, which said claim of interest had no foundation in fact, and the same was not due or owing, in whole or in part, from the defendant to the plaintiff, as fully appears from the facts hereinbefore set forth, and which are here again averred to be true, as stated; that the defendant has paid to the plaintiff the several sums entered as credits on said note; and that, by reason of said payments, the defendant has overpaid the plaintiff in the sum of six hundred and seventy-eight dollars and ninety-four cents, more than was ever due or payable to him on account of said note, or on any other account, which said last mentioned sum was so much money had and received by the plaintiff to and for the use of the defendant; and the defendant here sets up his counter-claim and set-off thereupon, and prays judgment against the plaintiff for the said sum of six hundred and seventy-eight dollars and ninety-four cents, with interest and costs."

Thereafter, the parties waiving a jury, the court, upon the pleadings and proofs, rendered judgment in favor of the plaintiff in the sum of $1,058.60, from which the defendant prosecutes this appeal. The only questions which arise upon the record relate to the propriety of the rulings of the court in striking out that portion of the answer first above quoted, and in sustaining a demurrer to that portion of the answer second above quoted. The court here is of opinion that the circuit court committed no error in either of these rulings.

I. We are not clear as to the light in which the portion of the answer which the circuit court struck out is intended to be regarded. (1) It clearly can not be regarded as a plea of duress, because it does not state what the nature of the threats were which the defendant made. Duress *per minas* is confined to fear of loss

of life or of limb, fear of mayhem, and fear of unlawful imprisonment. *Davis v. Luster*, 64 Mo. 43. The language, used by the pleader in this case, does not state in what the " threats, intimidation, and overbearing persistency," employed by the plaintiff, consisted. It does not even state that the plaintiff threatened to do any unlawful act. It is too plain for argument that such allegations do not constitute a good plea of duress. 2 Chit. Pl. 370. How could an issue be formed upon such allegations? How could the plaintiff know, from the employment of mere epithets of this character by the defendant, what evidence he would have to prepare himself to meet.

(2) Nor are these allegations sufficient to entitle the defendant to equitable relief from compliance with the terms of his contract. It is not alleged that any fraud was employed by the plaintiff. It is not alleged that the note was given under a mistake of fact, but the allegations imply the contrary. It is not alleged that the defendant was *non compos mentis*, or incapable of making a valid contract by reason of his physical or mental condition. Nor are facts stated which would warrant a court of equity in granting relief against a contract, on the ground of undue influence. Indeed, where it is sought to avoid contracts on this last ground, it is usually where a confidential relation of some sort exists, and then the influence is usually exerted by the superior against the inferior in that relation. *Caspari v. First German Church*, 12 Mo. App. 293, 314. Where the relation is that of attorney and client, the undue influence, on account of which courts of equity usually afford relief, has generally proceeded from the attorney, and not, as here, from the client. The decision of this court, in *Nelson v. Betts* (21 Mo. App. 219), is cited on behalf of the defendant, but we fail to see any analogy between the cases. The doctrines, on which that case proceeded, were set forth at length in the opinion. There was there an inadequacy

of consideration, so gross, as, of itself, to furnish evidence of fraud; but here it is not even alleged that the ten per cent. interest, compounded annually, was not, in the state of the money market, a reasonable compensation for the use, by the defendant, of the plaintiff's money during the period of his forbearance. In that case the victim of the imposition was a woman, ignorant of business, prostrated by sickness, overwhelmed by a domestic calamity, and in extreme need of the pecuniary relief which she was obliged to seek at the hands of a heartless and unconscionable usurer; but in this case the victim of the alleged imposition was an attorney who, for nine years, had been allowed by his client to retain and use a sum of money which he, as attorney, had collected for his client; and the imposition, against which he now asks to be relieved, is, his agreement, at the expiration of this long period of forbearance, to pay his client, for the use of the money, interest at a rate which the law allows persons to contract for, and which, so far as appears, was not more than a reasonable rate, during the period named, for a loan of money without other security than the personal security of a single name. It does not even appear that there was anything unfair or unconscionable in the bargain made; and, clearly, this case lies quite outside the boundary of that class of cases where equity relieves persons against their own contracts on the ground of fraud, mistake, or undue influence.

(3) But, if this portion of the answer is to be regarded as setting up an equitable defence, then there is another principle, which, upon the facts admitted by the pleadings, seems decisive of this question. This principle is, that acquiescence for years in a contract, by a contracting party, is evidence that he executed it voluntarily, and, therefore, precludes equitable relief against it. *Bodine v. Morgan*, 37 N. J. Eq. 426. In the case at bar, it is admitted by the pleadings, that the defendant paid to the plaintiff, on March 20, 1876, the sum of $150.32. This, it will be perceived, was exactly

one year's interest upon the note, from the date thereof to the date of this payment, according to the tenor of the note. It is also admitted by the pleadings, that, on April 20, 1877, the defendant made another payment of $152.40. This was $2.08 in excess of another year's interest upon the note, according to its tenor. It is also admitted by the pleadings, that the defendant continued, thereafter, to make payments upon the note, as follows: On May 3, 1878, two hundred and fifty dollars; on March 10, 1879, five hundred dollars; on March 13, 1879, one hundred dollars; on March 1, 1880, two hundred dollars; on March 3, 1881, twenty dollars. It thus appears that successive annual payments were made upon the note, liquidating its interest and a portion of its principal, and that the first of these payments was a liquidation of the exact amount of the interest due, by the terms of the note, at the time when the payment was made. It is not alleged that any of these payments were made by reason of the defendant being in such a physical condition as not to be able to withstand "the threats, intimidation, and overbearing persistency," employed by the plaintiff in enforcing his demand. So far as appears, they were voluntary payments, made by the defendant with full knowledge of his rights; and it would be difficult to state a case showing a more complete acquiescence in the terms of a contract by the obligor therein, and ratification by subsequent conduct. We have no hesitation in saying that, if the circumstances attending the making of the note had been such as to entitle the defendant to a modification of the contract therein embodied, this acquiescence in the terms of the contract, and ratification of it, would operate to cut off such equitable relief. *Melton v. Smith*, 65 Mo. 315, 323. If, therefore, the answer is to be regarded as setting up an equitable defence, entitling the defendant to partial relief against his contract, the defence comes too late, after this length of time, and after so many formal acts of ratification.

II. The portion of the answer which the circuit court struck out, must, therefore, be treated as a plea of partial failure of consideration. It is evidently drawn, for the most part, upon this theory, and it is chiefly on this theory that the able printed argument in support of it, which has been submitted by counsel for the defendant, is framed. This argument is chiefly directed to the point that, at the time of the settlement, and the execution of the note in pursuance thereof, the defendant stood under no *legal* obligation to the plaintiff to pay the plaintiff interest on the money of the plaintiff, the use of which the defendant had so long enjoyed; and hence that, so far as the principal of the note was made up of past interest at ten per cent. per annum, compounded at annual rests, it was given without consideration, since a mere *moral* obligation will not afford a good consideration for an express promise. This argument, it is perceived, is not grounded upon the *rate* of the interest. It is not argued, nor could it be, that the rate was such a rate as the law prohibited the parties from contracting for. Rev. Stat., sect. 2728. The argument would have precisely the same legal force if the agreement of the parties had been, that the plaintiff should pay six per cent. interest, without compounding, during the period of forbearance; for it rests upon the premise that *no* interest was due at the time of the making of the note, and, consequently, that the promise to pay so much of the principal of the note as embraced past interest, was a promise without consideration. This premise may be conceded for the purposes of this case. If a man allows another to retain his money as a mere bailee, or as a creditor subject to call, as the money of a depositor is retained by his banker, without an understanding that interest is to be paid, he is not entitled, under our law, to interest, until payment is demanded and refused. This is clear, and is not disputed, and this is the state of facts set up in the answer. It is, also, conceded to be settled law in this state, that a moral obligation alone does not furnish a good consider-

ation for an express promise, except in cases where there
has been an antecedent legal liability to which it can at-
tach. *Musick v. Dodson*, 76 Mo. 624 ; *Greenabaum v.
Elliott*, 60 Mo. 25. In this case, it is also conceded that,
upon the facts stated, there has been no such legal
liability.

But, from these premises, the conclusion does not
follow that so much of the principal of the note sued on
as embraces antecedent interest, is unsupported by a
consideration good in law. It is unnecessary that a
consideration, in order to be good in law, should be ade-
quate in point of value. "If the least benefit or ad-
vantage be received by the promisor from the promisee,
or a third person, or if the promisee sustain any, the
least, injury, or detriment, it will constitute a sufficient
consideration to render the agreement valid." *Marks v.
Bank*, 8 Mo. 316, 319. It is scarcely necessary to cite
authorities to support the familiar principle that incon-
venience, trouble, or expense to the promisee, will
make a consideration which is deemed valuable in law.
*Block v. Elliott*, 1 Mo. 275 ; *Halsa v. Halsa*, 8 Mo. 303 ;
*Mullanphy v. Reilly*, 8 Mo. 675 ; *Hudson v. Busby*, 48
Mo. 35. Upon these principles it has been held, that an
agreement between a creditor and his debtor, by which
the creditor gives the debtor an *extension of time*, is a
good consideration for a promise, on the part of the
debtor, to pay an increased rate of interest. *Clarkson v.
Creely*, 35 Mo. 95. On the one hand, a promise by the
debtor to pay an increased rate of interest (*Clarkson v.
Creely*, 35 Mo. 98 ; *Beckner v. Carey*, 44 Ind. 89 ; *Knapp
v. Mills*, 20 Tex. 123 ; *Smith v. Graham*, 34 Mich. 302),
or to pay interest in advance (*Stillwell v. Aaron*, 69 Mo.
539, 545, and many cases cited ; *Ins. Co. v. Hauck*, 71
Mo. 465 ; *Russell v. Brown*, 21 Mo. App. 51, 55), or to
yield him anything else of value (Bish. on Cont., en-
larged edition, sect. 62 ; *Miller v. Gardner*, 49 Ia. 234 ;
*Smith v. School District*, 17 Kan. 313), will afford a
good consideration for a promise, by the creditor, to give

the debtor an extension of time for payment; so, on the other hand, by parity of reasoning, an extension of time granted by the creditor will afford a good consideration for a promise of the debtor to pay an increased rate of interest, or to pay interest where none was demandable, or to yield some other valuable thing to the creditor. Applying these principles to the case before us, it must be held, that so much of the note sued on as embraces a promise, by the defendant, to pay the plaintiff antecedent interest for a forbearance of money, earned, though not demandable in law, is supported by the consideration that the plaintiff allowed the defendant an additional year of time in which to pay the principal debt. It follows that the circuit court committed no error in striking out this part of the answer.

III. It is true that the answer alleges that the note, to the extent of $811.55. was given "without any consideration of advantage to the defendant, or of disadvantage to the plaintiff, or any lawful consideration whatever for the undertaking thereby expressed." But, in the interpretation of a pleading, as of any other written instrument, reference must be had to all its parts; and where, as in this paragraph of the answer, the particular facts stated and admitted show that there was a good consideration, a general concluding statement by the pleader that there was not, must be understood as stating the mere argumentative deduction or conclusion of the pleader, from the facts stated and admitted. As this deduction or conclusion is not warranted by the facts stated and admitted, its truth would not be admitted by demurrer, and hence the statement of such a conclusion will not save the pleading on a motion to strike out.

IV. So much of the answer as set up a counterclaim for money paid by the defendant to the plaintiff, in excess of so much of the principal of the note as was founded in a good consideration, depended for its sufficiency upon the portion of the answer already consid-

ered, and, therefore, necessarily failed, and the court committed no error in sustaining the demurrer to it. As the entire principal of the note was founded on a good consideration, part payments made thereon, by the defendant, can not be recovered back. Aside from this, it has long been the law in this state, even in respect of usurious interest, that voluntary payments of interest can not be recovered back, and, in a suit upon a promissory note, can not be applied as credits. *Ransom v. Hays*, 39 Mo. 445 ; *Perrine v. Poulson*, 53 Mo. 309 ; *Kirkpatrick v. Smith*, 55 Mo. 389.

It thus appears that our decision of this case is controlled by settled principles of law, embodied in the decisions of our own supreme court, for which reason it is unnecessary to examine the many decisions in other jurisdictions, cited by counsel on both sides, in support of the positions which they respectively take. We think it proper to add that our decision of this case does not necessarily involve a decision of the question, whether or not an agreement to pay past interest, not demandable in law at the time of the making of the agreement, is, without more, an agreement founded upon a good consideration. In *Dailey v. Jessup* (72 Mo. 144), a promissory note, a portion of the principal of which was claimed to represent interest for which the defendant was not legally liable, was upheld, though the defence was not want of consideration, but ignorance and mistake of law. In *Wilcox v. Howland* (23 Pick. 168), a promissory note, given for the difference between simple and compound interest on certain prior notes on which the plaintiff had taken judgment against the defendant, was held to be not illegal or without consideration. But we do not decide this question, as it does not arise upon the record. If the note sued on had been payable on demand, and no further extension of time had been granted, the question, it seems, would have been squarely presented.

We see no error in the record ; and, therefore, with

the concurrence of Judge Rombauer (Judge Lewis taking no part in the decision), the judgment will be affirmed. It is so ordered.