Peters v. Lowenstein.

---

F. W. PETERS, Respondent, v. HENRY LOWENSTEIN, Appellant.

St. Louis Court of Appeals, April 7, 1891.

1. **Interest : USURY.** Usurious interest paid upon a note to procure an extension cannot be recovered by the payer, nor can it be applied as a credit upon the note in a suit thereon.

2. **Replevin : JUDGMENT.** When property, subject to several mortgages covering different parts thereof, is replevied by the mortgagee from the mortgagor in one action, and the latter gives a forthcoming bond, the judgment, if in favor of the mortgagee, may be for the recovery of the aggregate amount of the mortgage debts, or for the return of the property, at the election of the mortgagee ; the amount of each such debt need not be determined by such judgment.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*J. H. Trembley*, for appellant.

All usurious interest retained and paid on an original note, as well as that retained on the renewal note, must be applied as part payment of the latter note, when suit is instituted by the holder. *Bank v. Miller*, 73 Mo. 187. While it is usually a question of fact, whether or not money paid under certain circumstances was indirectly paid, as and for usurious interest, yet, under the admitted facts and uncontradicted evidence in this case, the court should have declared that, as a matter of law, all moneys deducted by plaintiff from the face of said loans, as and for interest ( or as a "*bonus* for the use of said moneys," as plaintiff called it ), and all moneys paid by defendant on said notes, whether for so-called extensions or on account, should be applied as part payment on said notes. *Bank v. Miller, supra.*

*Robert W. Goode*, for respondent.

Rombauer, P. J.—The action is one of replevin by the mortgagee against the mortgagor, seeking to enforce two chattel mortgages which together cover the entire property in controversy, but each of which only covers part of it. The property was retained by the mortgagor, who, under the statute, gave a forthcoming bond with sureties. One of the mortgages was executed to secure a note for $100, and the other a note for $65. The answer sets up the partial failure of consideration of both notes, full payment of the $100 note, partial payment of the $65 note, and the acceptance and retention by plaintiff of usurious interest on both notes. The cause was tried by the court sitting as a jury. The court found that $176.30 was due to the plaintiff on both notes, and that this was the extent of his interest in the property. The judgment entry concludes as follows: "And it appearing to the court that said

property was delivered to the said defendant upon a forthcoming bond, executed by said defendant, and by W. C. Albers and Daniel W. Turnure as sureties, and that the same is now in possession of said defendant, it is considered and adjudged by the court that the plaintiff recover of the defendant, and of W. C. Albers and Daniel W. Turnure, securities on the forthcoming bond, the sum of $176.30, the value as assessed of plaintiff's interest in said property; or that defendant return the property aforesaid into plaintiff's possession until such sum is paid by defendant and his said securities, at the election of the plaintiff, and that plaintiff also recover —— his costs and charges," etc.

The defendant, appealing, contends that the judgment is erroneous under the uncontroverted facts; that it fails to declare what part of the property the plaintiff is entitled to take under each of the mortgages, and, hence, is prejudicial to the defendant; and that the court erred in not deducting from its finding amounts paid for usurious interest, and in not rendering a judgment for costs in favor of the defendant under the provisions of section 5976 of the Revised Statutes of 1889.

The evidence adduced tended to show that, at the date when the money loaned upon these mortgages was advanced, the parties entered into a contract, whereby the defendant agreed to pay to the plaintiff an amount equal to five per cent. per month for a monthly extension of the loan. The notes upon their face bore interest at ten per cent. per annum with annual rests. There was evidence tending to show that the defendant had paid the plaintiff under these contracts of extension $32, and more. There was also evidence, both direct and circumstantial, that this five per cent., which was nominally paid for the extension of the loan, was really paid for the use of the money, and hence was interest, and that the so-called contract of extension was a mere transparent device to evade the penal provisions of the usury law. The difference, however, between this case

and the case of *Vette v. Johnson*, 43 Mo. App. 300, decided at the last term, consists in the fact, that here there was ample evidence to show that no part of the money paid was paid on account of the principal, and that the court so found, whereas in the *Vette case* the jury distinctly found that payments, sufficient in amount to satisfy the note, had been made on account of the principal.

It has always been the law of this state that one who voluntarily pays unlawful interest upon a usurious contract cannot recover it by suit. In *Ransom v. Hays, Garnishee*, 39 Mo. 449, the supreme court speaking of the statute, which has been the same ever since, says: "The statute does not contemplate the recovery back of unlawful interest once paid on a usurious contract; the law does not make such contract absolutely void; and, if the party completely and voluntarily performs his part of the contract by paying the usurious interest, he is remediless." The same view was reasserted in *Rutherford v. Williams*, 42 Mo. 18. In *Corby v. Bean*, 44 Mo. 379, the usurious interest had not been paid, but the plaintiff sought to enforce the usurious contract in equity, and the court held it could not be done. In *Kirkpatrick v. Smith*, 55 Mo. 389, the point now under consideration was expressly decided, namely, that usurious interest paid upon a note to procure an extension cannot be recovered by the payer, and in a suit upon the note such payments cannot be applied as a credit upon the note. The seemingly different ruling in *Moniteau National Bank v. Miller*, 73 Mo. 187, was placed upon the provisions of the national banking act, and does not in any way modify the well-established rule in this state. The defendant's first assignment is, therefore, untenable.

In regard to the second assignment, which claims error because the judgment fails to specify the property the plaintiff is entitled to under each of the mortgages, we may say that the defendant evidently misconceives

the character of this action, and the effect of the judgment. This is not a suit to foreclose the mortgages, but one to determine who is entitled to the possession of the property sought to be recovered. Each of the mortgages provides for a foreclosure by sale. The judgment of the court merely determines that the plaintiff is entitled to the property until his interest therein is extinguished by payment of the liens. The question which the defendant seeks to raise, he may still properly raise, whenever a foreclosure by sale is sought, and there is no merit in this assignment.

The defendant moved that the costs be taxed against the plaintiff, which the court refused to do. As the contract was not usurious upon its face, and as this action was not brought for the purpose of enforcing any usury in the contract, there was no error in this ruling of the court. The judgment distinctly provides for a redemption of the property by defendant upon payment of the amount which the court finds to be due upon the mortgages. This finding was made for the purpose of settling the equities of the parties, which is admissible under the decisions in this state in this form of actions. As the plaintiff has a lien upon the entire property and is entitled to its possession now, there was no error in the judgment to give him possession at his election until such lien is discharged.

All the judges concurring, the judgment is affirmed.