M. R. DRENNON, Appellant, v. MARIE DALINCOURT, Respondent.

### Kansas City Court of Appeals, January 29, 1894.

1. **Replevin**: CHATTEL MORTGAGE: BALANCE DUE. In action of replevin by the mortgagee against the mortgagor for the possession of the mortgaged property, the vital issue whether the secured debt or any part of it remains unpaid, the value of the chattels or the amount of the debt are unimportant matters and any finding of the jury on such questions will be treated as surplusage in entering judgment:

2. **Interest**: RECOVERY OF USURY: CREDITS. Prior to the act of 1891 (Session Acts, 1891, page 170), where one paid usurious interest of his own voluntary will or where such interest was paid for the extention of time, it could not be recovered back, or applied as credits on the principal debt.

3. ————: USURY: ACT OF 1891: CHATTEL MORTGAGE. Under the act of 1891 if the mortgagee or pledgee of personal property exacts usurious interest, or receives it without exacting it, on his debt, he loses his lien, and it is error to instruct the jury that he must exact and receive such usury.

4. **Appellate Practice**: COMMON ERROR. Where the appellant adopts and ratifies the error of the court, he is in no position to complain of such error.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED (*with directions*).

*Walter A. Powell* for appellant.

(1) The case was tried by both plaintiff and defendant on the issue made by such instructions and defendant cannot complain now. *Hall v. Water Co.,* 48 Mo. App. 356; *Garst v. Good,* 50 Mo. App. 149. (2) Defendant claims that the instruction should have been: "Provided you find from the evidence that the

plaintiff did not, upon or after the twenty-second day of June, 1891, 'exact or receive,' " instead of "exact and receive" interest on said indebtedness at a higher rate than ten per cent. per annum. Defendant's instruction number one given contained the same error, if error it be. *Nelson v. Wallace*, 48 Mo. App. 193–200; *Fairbanks v. Long*, 91 Mo. 628; *Bielman v. Railroad*, 50 Mo. App. 151; *Hardwick v. Cox*, 50 Mo. App. 509; *Jenning v. Railroad*, 99 Mo. 394. (3) Payments made for extensions, cannot be recovered back, nor can they be applied on the principal debt, under the law, prior to June 22, 1891. *Livingston v. Burton*, 43 Mo. App. 272; *Kirkpatrick v. Smith*, 55 Mo. 389. *Ranson v. Hayes*, 39 Mo. 449; *Peters v. Lowenstein*, 44 Mo. App. 406. Where there is a finding on one issue which should not have been submitted to the jury—the error in submitting this issue is not a ground for new trial. *Anderson v. McPike*, 41 Mo. App. 328–332; *Keen v. Schmedler*, 92 Mo. 516–526; *Fortinie v. Fife*, 105 Mo. 433–438; *Garth v. Caldwell*, 72 Mo. 628; *State v. Burr*, 81 Mo. 108. The assessing value and plaintiff's special interest was simply surplusage and in nowise affects the judgment. *Hancock v. Buckley*, 18 Mo. App. 459–465; *State relation of Webster v. Knight*, 46 Mo. 83; *Ramsey v. Baker*, 48 Mo. 539.

*A. W. Burnett* for respondent.

(1) Error is presumed to be prejudical. In order to an affirmance, notwithstanding the presence of error, the burden is upon the party claiming the benefit of the judgment, to satisfy the appellate court that the error was not prejudicial. *Clark v. Fairley*, 30 Mo. App. 336; Same parties, 31 Mo. App. 544; *Stone v. Pennock*, 24 Mo. App. 429; *Foster & Foster v. Nowlin*, 4 Mo. 23; *Guinn v. Jacob Boas*, 31 Mo. App. 131. (2)

Instructions five and six should have been given, as they fully embodied the law as to the verdict for the defendant. *Chapman et al v. Kerr*, 80 Mo. 158; *Woodburn v. Cogdol*, 39 Mo. 228; *Pope v. Jenkins*, 30 Mo. 528; *Eiller v. Whitison*, 40 Mo. 101; *Mix v. Kepner*, 81 Mo. 93.

SMITH, P. J.—Plaintiff loaned defendant $133.25, taking a note and mortgage to secure the same on certain boarding house furniture. The loan seems to have been made to take up a note for a like amount to Mrs. Mackey secured by a mortgage covering the same chattels. The act of April 21, 1891, in respect to usury took effect June 22, 1891. On July 27, 1891, the defendant paid the plaintiff $6.75 on the note. She had paid on this note and its predecessor five per cent. interest per month until such payments at that rate aggregated about $170. The real question in the case seems to have been as to whether the last payment was made in extinguishment of the principal debt or as interest. The plaintiff's evidence tended to show the former, while that of the defendant, the latter. The question was submitted to the jury under the evidence and instructions which resulted in a verdict for the plaintiff.

The defendant filed a motion to set aside the verdict on the ground that the court had erred in the giving and refusing of instructions. The court sustained the motion to set aside the verdict for the reason, as specified in its order, that it had "misdirected the jury as to the form of the verdict."

The plaintiff has appealed from the order setting aside the verdict. The instruction referred to in the order, told the jury that if they found for the plaintiff for possession of the goods in controversy to also find the value of the same and the amount due on the mortgage in the following form:

"We, the jury, find for the plaintiff for the possession of the goods in controversy and do assess the value of the goods in controversy at (here state the amount) dollars, and we do find that the amount now due on the note and mortgage is the sum of (here state the amount) dollars."

The main issue which the jury were required to determine was whether the plaintiff was under his mortgage entitled to the possession of the chattels covered by it. Whether he was so entitled depended upon whether the note or any part thereof was unpaid, it being conceded to have been long past due at the commencement of the suit. If the note or any part of it was unpaid the plaintiff was *prima facie* entitled to the possession of the mortgaged chattels. It was unimportant as to the amount. When the plaintiff obtained possession of the chattels under his mortgage that instrument defined his powers and duties in respect thereto. The value of the chattels or the amount of the debt was an unimportant matter in this controversy between the mortgagor and the mortgagee. As between the mortgagee and another creditor having junior lien, or a purchaser, and perhaps in other cases, it might be proper for the court to direct the jury to find one or the other or both of these facts. But in a case like this the finding of both of these facts or either of them are wholly unnecessary.

The jury, under the instructions, found for the plaintiff on the vital issue, that is to say as to the right of possession of the chattels. The suppletory finding in the same connection of the value of the property and the amount of the debt could not harm the defendant. The misdirection of the court in this particular constituted, therefore, no cause for the setting aside of the verdict. *Keen v. Schnedler*, 92 Mo. 517; *Hancock v. Buckley*, 18 Mo. App. 459. These findings

should in entering the judgment be treated by the court as mere surplusage. But however considered they could not be harmful to defendant.

It remains to inquire whether the court erred in the giving of the plaintiff's other instructions or in refusing those asked by the defendant.

The plaintiff's third instruction and the second and third asked by the defendant all countenance the right of a maker of a note who has paid usurious interest accruing thereon before the taking effect of the said act of April 21, 1891 to afterwards have the amount of such interest credited as a payment on the principal debt. The law was well settled in this state prior to the taking effect of said act of the legislature that where one paid usurious interest of his own voluntary will or where such interest was paid for the extension of time, it could not be recovered back or applied as a credit on the principal debt. *Perrine v. Poulson*, 53 Mo. 309; *Rutherford v. Williams*, 42 Mo. 35; *Nelson v. Betts*, 21 Mo. App. 219; *Livingston v. Burton*, 43 Mo. App. 272; *Kirkpatrick v. Smith*, 55 Mo. 389; *Ranson v. Hayes*, 39 Mo. 449; *Peters v. Lowenstein*, 44 Mo. App. 406. Since both parties by their instructions concede a retrospective operation to the statute we are not called upon to either approve or disapprove their mutual concession in that regard. If it be error it is common.

The court, by an instruction of its own, told the jury that, if the property taken by the officer as shown in his return was the same described in the mortgage and that the mortgage note was due and unpaid in whole or part at the time of the issue of the writ, then plaintiff was entitled to the possession of the property unless the jury further found from the evidence that, after June 22, 1891 the plaintiff did *exact and receive* interest on said indebtedness at a higher rate than ten per cent. per annum. The act of 1891 provides that

where one holding a lien as a mortgagee or pledgee has "*exacted or received*" usurious interest the lien of such mortgagee or pledgee shall become invalid and illegal. Session Acts, 1891, p. 170. Where the mortgagee or pledgee exacts usury, or receives it without exacting it, on his debt he loses his lien. The instruction required the jury to find that the plaintiff both exacted and received such interest. This was a departure from the law and would be sufficient to overthrow the verdict were it not that the defendant's second instruction also contained a similar vice. The defendant adopted and ratified the error of the court and is therefore in no position to complain of that error here.

The defendant asked an instruction as to the measure of damages in case there was a finding by the jury for her, which, with that asked by her as to the form of the verdict, need not be considered, since the jury found for the plaintiff on the pivotal issue in the case and since, too, we shall not remand the cause for further trial.

We have been unable to discover any ground upon which the action of the court can be sustained. It follows that the order of the circuit court setting aside the verdict of the jury must be reversed and the cause remanded with directions to reinstate the verdict and enter judgment therein according to law. All concur.