W. H. BARNES, Appellant, v. JOSEPH RAWLINGS, Respondent.

St. Louis Court of Appeals, April 12, 1898.

74 531
s83 187

74 531
90 394

1. **Replevin**: STATUTORY CONSTRUCTION. This suit was not brought against the person who received the property of plaintiff, but against another party from whom plaintiff had not received any instalment or sum of money on the purchase price of the property. The defendant was not a purchaser, lessee, renter or hirer of the property, nor had he in any other capacity received the property from plaintiff. *Held*, that defendant is not protected, under the facts in this case, by section 5181, Revised Statutes 1889, and plaintiff was not required to refund or to offer to refund to him before he could maintain his action.

2. ———: INTEREST OF PARTIES SHOULD BE ASCERTAINED. In suits by replevin the special interests of the parties in the property involved in the suit should always be ascertained and settled whenever it is practical to do so.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

W. W. FRY for appellant.

· There is no principle of law more clearly settled than in replevin suits. *First.* All equities and interests of the parties as to the property in dispute should be settled in the replevin suit. *Second.* If plaintiff is found in possession and defendant has a special interest the jury must ascertain such special interest and the verdict must be for such interest and not the full value of the property. *Third.* The defendant can not recover for both the use and value of the property, but his recovery is limited to the amount

of his interest, if he has a special interest. *Fourth.* If the property was sold to the defendant to be paid for by instalments and payments have been made, and the case comes under Revised Statutes, section 5181, plaintiff does not first have to tender back payment made if the value of the use, damage and breakage equals or exceeds the payments. This issue can only be settled in the trial in replevin. When it is admitted that payments have been made to the defendant and there has been no damage by use or otherwise, or breakage, and the value of the use does not equal or exceed the payments, if the property is in the hands of the original purchaser, plaintiff must first tender such payments before instituting a replevin suit. We insist that there was no election to have the property returned to defendant. It is true the judgment states that defendant elects to have a return of said property, but that was not an election. The statute declares the form of judgment and an election follows. R. S., sec. 7490; Hanlon v. O'Keefe, 55 Mo. App. 528; Harris v. Hitt, 58 Mo. App. 459; Herring v. Corder, 49 Mo. App. 378. As to first point in motion for rehearing, the defendant Rawlings was not the purchaser. Walker, the purchaser, is not a party to this suit. If there had been a payment on the machine by Walker, who is not a party to this suit, that could not be adjusted here and the tender of the amount to a stranger to the contract like the defendant Rawlings, was not in contemplation of the statute. Revised Statutes, section 5181, provides that the vendor shall not take possession without tendering or refunding "the sum or sums of money so paid, after deducting therefrom a reasonable compensation for the use of such property * * * unless such property has been broken or actually damaged, and then a reasonable compensation for such breakage or damage shall be allowed." Walker

·contracted for the property in August, 1894.    This suit
was instituted December, 1895.    Plaintiff's evidence
shows the property was continuously used during that
time, and there was breakage and wear and damage
from use.

GEORGE ROBERTSON for respondent.

Plaintiff's own testimony is insufficient to estab-
lish a conditional sale, but if it is, he can not maintain
replevin, for "it shall be unlawful for the vendor to
take possession of said property without tendering or
refunding to the purchaser or any party receiving the
same the sum or sums of money so paid," etc.    R. S.
1889, sec. 5181.    When the fact was disclosed that the
money paid by Walker had not been tendered or re-
funded defendant was entitled to an instruction for the
return of the property, for plaintiff until that was done
was not entitled to the possession.    Sec. 5181; Burt
v. Mears, 41 Mo. App. 231; Gentry v. Templeton, 47
Mo. App. 55.    The plaintiff had the property; the
defendant was·entitled to its return or he could take
the assessed value.    He elected to take the property.
It is immaterial that the jury assessed the entire value
of the property for defendant in any event had the
right to have the property returned and this he elected
to have done and it was shown that at the time of the
trial the property was in his possession and he was in
a condition to comply with the judgment and election.
R. S. 1889, secs. 7489, 7490; Rosenstricker v. Brady,
63 Mo. App. 398; Moore v. Carr, 65 Mo. App. 64.
The verdict was in perfect accord with the evidence.
As the property was taken from the defendant he was
entitled to its return.    The conditional sale claimed by
plaintiff is void under the statute of frauds.    R. S.
1889, sec. 5187.

BLAND, P. J.—In August, 1894, plaintiff Barnes sold to one Walker a separator, saw mill, straw stacker, engine and log wagon on the following terms, as testified by Barnes, and corroborated by other witnesses. Walker agreed to take the property and to run it, hire hands as cheaply as he could, keep up all expenses, allow himself $2 per day and what he made over and above expenses and the $2 per day for himself, he agreed to pay over to Barnes, and it was further agreed when Walker's payments to Barnes should amount in the aggregate to $650, the property should become Walker's. It was further agreed that the title to the property should remain in Barnes until paid for. In the fall of 1895, Walker sold a one half interest in all the property to the defendant Rawlings, and the other interest to one Thomas Snell. Rawlings was put into possession of the property. The plaintiff after hearing from Rawlings that he had bought of Walker and was in possession of the property, brought suit in replevin. The defendant's answer set up title in himself, and Thomas Snell, alleged its value to be $600, and its use $5 per day. A trial was had by jury, who under the instructions of the court, found a verdict for the defendant that he was entitled to the possession of the property, assessed its value at $300, and the damages at $35. Judgment was rendered on the verdict. After unsuccessful motions for new trial and in arrest, plaintiff appealed.

STATEMENT.

The evidence disclosed the fact that Walker and Barnes had a settlement in about eight months after Walker took possession of the property under his contract with Barnes; that by this settlement Walker owed Barnes $39 from the earnings of the saw mill; of this he paid $31. The evidence was to the effect that

Walker run the saw mill continuously on several different jobs of sawing during his possession of the property, except during the threshing season of 1895, when he run the separator; but one settlement was made by him with Barnes, and but the one payment. The evidence on the part of the defendant tended to prove that the saw mill would earn $5 per day net when it was operated. It also tended to prove that Rawlings bought with knowledge of the conditions of the trade between Barnes and Walker, and with knowledge of the fact that Walker had not paid for the property. Barnes did not refund or offer to refund the $31 paid him on the property by Walker, and for this reason the court instructed the jury peremptorily that he was not entitled to the possession of the property, and directed the jury to return a verdict for the defendant and confined the defendant's testimony to the value of the property and of its use and to damages to it after it had been taken out of defendant's possession and delivered to the plaintiff under the writ of replevin. The suit was not brought against Walker, the person who received the property from Barnes, but against Rawlings, from whom Barnes had not received $31 or any other sum as an instalment on the purchase price of the property. Rawlings was not a purchaser, lessee, renter or hirer of the property, nor had he in any other capacity received the property from Barnes. He is not protected by section 5181, Revised Statutes 1889, and Barnes was not required to refund or to offer to refund to him, before he could maintain his action. If Rawlings was a purchaser in good faith, that is without knowledge of the conditional sale from Barnes to Walker, then he is protected by the preceding section (5180), which declares such a sale as was made by Barnes to Walker to be void as to all subsequent purchases in good faith. If he was not a purchaser in good faith, then he took

the same interest in the property which Walker had acquired by his contract and no more, that is an equitable interest to retain the property by paying the contract price $650, less the amount which Walker had paid on the purchase.

In suits by replevin the special interests of the parties in the property involved in the suit should always be ascertained and settled whenever it is practical to do so. Hickman v. Dill, 32 Mo. 509; Dilworth v. McKerly, 30 Mo. 149; Peters v. Lowenstein, 44 Mo. App. 406; Dillard v. McClure, 64 Mo. App. loc. cit. 493; Boutell v. Warne, 62 Mo. 350. This case furnishes no exception to the rule. Even if it be conceded (which we do not) that respondent is the person who received the property, within the purview of section 5181, he should be held to be bound by it and to live up to its terms, and as to the contract between Barnes and Walker, to stand in Walker's shoes; if he is to have the benefit of Walker's payment, he must bear the burden that the statute imposes on Walker and account to Barnes for the damage to the property, before he can demand a a payment of the $31. That the property was worth less when replevied than when Walker was put in possession of it, is more than problematic.

*REPLEVIN: interest of parties should be settled.*

According to the experience of every one who has operated this kind of property a year's use of it must have materially depreciated its value, and this damage should, under the statute, be offset against the payment on the purchase. The case was tried upon an erroneous theory of the law, for which reason the judgment is reversed and the cause remanded. All concur. Judge BIGGS concurs in result only.