HENRY A. JOHNSON, Respondent, v. JOHN H. VETTE, Appellant.

St. Louis Court of Appeals, December 27, 1898.

1. **Usurious Interest:** SECURING: EXACTING. In the case at bar the plaintiff testified that he agreed to pay usurious interest, and that the defendant demanded the pledge to *secure* it, held to be the *exacting* of unlawful interest.

2. **Practice, Trial:** VALUE OF THE PROPERTY: DAMAGES. If the defendant had desired that the jury should have been directed to find the value of the goods at the date of the levy of the writ, he should have asked it to be done by proper instruction.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN A. TALTY, Judge.

AFFIRMED.

KINEALY & KINEALY for respondent.

Exacting usurious interest on a loan, or receiving it without exacting it, avoids a pledge of personal property made to secure the loan. Laws of Mo. 1891,. p. 170, sec. 2; Drennan v. Dalincourt, 56 Mo. App. 132. The evidence, as to the value of the property in this case, was proper and sufficient. Chemical Co. v. Nickells, 66 Mo. App. 678; Willison v. Smith, 60 Mo. App. 469; Jennings v. Sparkman, 48 Mo. App. 246; Anchor Milling Co. v. Walsh, 24 Mo. App. 97; State to use v. Johnson, 1 Mo. App. 220.

LUBKE & MUENCH and LAMBERT E. WALTHER for appellant.

The Act of 1891 provides, "that any mortgage or pledge of, or lien upon, personal property, given to secure an indebtedness, shall be rendered invalid and illegal, upon proof that the party holding or claiming to hold such lien has received or exacted usurious interest for such indebtedness." Sess. Acts 1891, p. 170, sec. 2. The pledge or mortgage does not become invalid until the usurious interest has been exacted or received. Voorhis v. Staed, 63 Mo. App. 374; Drennan v. Dalincourt, 56 Mo. App. 132; Hilgert v. Levin,. 72 Mo. App. 48. Instructions must not be inconsistent, and the giving of such is error. Henschen v. O'Bannon, 56 Mo. 289; Otto v. Bent, 48 Mo. 23; Boynton v. Miller, 63 Mo. 209. The measure of damages in a replevin suit, where the goods have been destroyed, is the reasonable value of the property at the time it was taken. Willison v. Smith, 60 Mo.. App. 469; Chemical Co. v. Nickells, 66 Mo. App. 678. Instructions must be predicated on the evidence. State v. Mason, 96 Mo. 559; Miller v. Railroad, 90 Mo. 389..

BIGGS, J.—This is an action to recover possession of a lot of furniture. The defendant gave a forthcoming bond and retained the property. The defendant claims that he held it as security for a debt due from plaintiff to him. The plaintiff admitted the pledge, but averred that he had discharged the indebtedness and further that the defendant had exacted usurious interest on the loan, and that by reason whereof the pledge was void. There was evidence tending to support both of plaintiff's contentions. The witness for plaintiff was to the effect that in 1892 he borrowed of defendant $44.50, for which he gave his note for $50; that he agreed to pay a monthly interest of $2.50 and the storage charges of the goods; that since that time he had paid interest on the debt to the amount of $70 and storage to the amount of $106. There was a verdict for plaintiff for possession of the property. The jury fixed the value of the property at $160, and assessed damages by reason of its detention at $49.50. The defendant has appealed. The statute (Sess. Acts 1891, p. 171) under which the plaintiff claims the pledge of the goods to be void, is as follows: "Sec. 2. In actions for the enforcement of liens upon personal property pledged or mortgaged to secure indebtedness, or to maintain or secure possession of property so pledged or mortgaged or in any other case when the validity of such a lien is drawn in question, proof upon the trial that the party holding or claiming to hold any such lien has received or exacted usurious interest for such ⁄intebtedness shall render any mortgage or pledge of personal property, or any lien whatsoever thereon given to secure such indebtedness, invalid and illegal."

On this question the court instructed the jury as follows:

1. "The court instructs the jury that if they believe from the evidence that prior to the commencement of this suit plaintiff delivered to the defendant, Vette, the personal property for which the plaintiff here sues, and that at the time of the commencement of this suit the said property was held by the defendant Vette, or by the other defendants for him and subject to his orders and directions, and that the said property was at the time so held by the said Vette, or his co-defendant for him, to secure to the said Vette the repayment of a loan made by the said Vette to plaintiff and also to *secure* to said Vette the payment by plaintiff of interest on said loan at a greater rate than eight per cent per annum, then the jury will find a verdict in favor of the plaintiff."

The objection to this instruction is that the *securing* of usurious interest is not *exacting* usurious interest, hence the argument is that the instruction is outside of the statute. Under this construction the defendant secured an instruction to the effect that the word "exacted" as used in other instructions meant receiving or collecting usurious interest, thus making the words of the statute, to wit, "exacted" and "received" synonymous. The two instructions mentioned are unquestionably at variance, but the error is with the defendant. In Drennon v. Dalincourt, 56 Mo. App. 128, the Kansas City court of appeals construed the words exacting and receiving as having a different meaning.

The court in effect decided that a person might exact usurious interest without receiving it. In the case at bar the plaintiff testified that he agreed to pay usurious interest and that the defendant demanded the pledge to *secure* it, which we think under a fair and

liberal construction of the statute was the *exacting* of the unlawful interest.

As to the value of the property and the assessment of the damages, the court at the instance of the plaintiff instructed in the usual way. The jury found the present value of the property and they assessed damages for its detention. Both findings are within the limits of plaintiff's evidence. The evidence of the defendant was to the effect that a portion of the goods had been burned and that the remainder had been sold at auction. His proof was directed to the value of the property at the date of the seizure. The value of the furniture as fixed by his witnesses was about $80. He now contends that as the goods could not be produced, the jury should have been directed to find their value at the date of the levy of the writ, and not at the date of trial. (Willison v. Smith, 60 Mo. App. 469.) If the defendant had desired this particular phase of the evidence submitted he should have asked it to be done by proper instruction. Having failed to do so he can not complain.

Finding no reversible error in the record, the judgment will be affirmed. All concur.