JOHN H. VETTE, Appellant, v. AMANDA JOHNSON *et al.*, Respondents.

### St. Louis Court of Appeals, January 13, 1891

1. **Practice, Trial:** INCOMPETENT TESTIMONY IN RESPONSE TO PROPER QUESTIONS. *Held* that a question put to a witness being proper, the appellant should, if he desired to object to the competency of the answer, have moved the trial court to strike it out.

2. **Chattel Mortgage:** PAYMENT: EVIDENCE AND INSTRUCTIONS. The plaintiff loaned the defendant $180, or less, and admitted that he had received in return from the defendants $460. He claimed that this money, all of which was paid within less than four years after the loan, had been paid for monthly extensions of the loan made in writing. The evidence is considered, and *held* to sustain the defense that the mortgage had been paid; the instructions also considered and *held* sufficiently favorable to the plaintiff.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge

AFFIRMED.

*Lubke & Muench,* for appellant.

*D. P. Dyer,* for respondents.

ROMBAUER, P. J.—The defendants made a chattel mortgage to the plaintiff, conveying to him certain household goods to secure a note payable thirty days after date, and bearing ten per cent. interest from maturity. The note and mortgage bore date November 7, 1885. On the ninth of October, 1889, the plaintiff, claiming that no part of the principal and interest of the note had been paid, took possession of the goods conveyed under a writ of replevin, whereupon such proceedings were had that the defendants recovered the judgment, from which the plaintiff prosecutes this appeal. The errors assigned are that the verdict is the

result of mere prejudice, and is unsupported by the evidence, · and that the court erred in its rulings on the evidence and instructions.

The consideration of the note and mortgage was money loaned, and the defense to the plaintiff's claim to the goods was that the note had been fully paid. The evidence is not clear as to the actual amount of money loaned. The plaintiff himself says it was $180, one of the defendants that it was $177.50, and the other defendant that it was only $150. The plaintiff conceded that, between the date of the note and the institution of the replevin suit, he had received $460, in return on account of this note. As a period of less than four years had intervened between these two dates, it thus conclusively appeared by the plaintiff's own evidence that, if the terms of the original contract are to govern the transaction, the plaintiff had been repaid not only the loan with ten per cent. interest, but also about $200 in addition. One of the defendants testified that they paid the plaintiff $500, and the other defendant testified that, while she had no memoranda of the payments, she was satisfied that the note and all interest thereon had been fully ,paid and overpaid.

In order to avoid the effect of these payments, the plaintiff gave evidence tending to show that, by a course of dealing between himself and. the defendants, many of the various payments made from time to time were made on written extension contracts, whereby the defendants agreed in writing to pay to the plaintiff ten dollars per month for the extension of the loan, and seven of such contracts providing for a payment in the aggregate of $100, were offered in evidence. The defendants gave some evidence tending to show that some of these contracts were not signed by either of them; in fact none of the contracts were signed by the defendant Amanda, who could not write her name; nor did it appear that her name was signed to them by her authority, except by inference. The defendants

also gave evidence tending to show that they made payments at various times when they signed no such contracts, and when in fact they did not even obtain receipts for the money paid. All the testimony concedes that the practice of having these contracts signed began a considerable time after the making of this loan, and some of these agreements (the first in date being about one year after the loan) are upon their face seemingly for past extensions, thus lacking the element of consideration to support them.

This being in substance all the evidence, we conclude that there was substantial evidence tending to show that the note and interest had been paid. A money-lender who, according to his own claim, tries to take interest at the rate of sixty-six per cent. per annum, on a loan apparently well secured, and, in order to avoid the penal usury laws of the state, endeavors to cover the usurious interest by the transparent device of extension money, has no right to complain if the triers of the fact, in an action brought to enforce the contract claimed by him, take the view of the evidence which is the most favorable to his victim.

The plaintiff complains that the court erred in admitting oral evidence to vary the writings between him and the defendants. His counsel points out one instance in the examination of one of the defendants, where the court permitted the witness to state what passed between herself and the plaintiff when she signed one of these extension contracts. The question put to the witness was not subject to the objection now made, and if her answer was subject to the objection counsel should have moved to strike out the answer.

The plaintiff also contends that the court misdirected the jury in its instructions. The court on plaintiff's behalf instructed the jury, in substance, that they could not allow, as credits upon the principal of the note, any payments which were made, either on account of interest or for securing the indulgence of

extensions, and that the defendants were bound by the declarations contained in the agreement for extension, if the jury found that such agreements were executed by them or by their authority. On defendant's behalf the court instructed the jury that, if the contracts for extension were signed by defendants in blank, and afterwards filled up, they were not binding upon the defendants, and that, if they found that the money paid by the defendants was sufficient to pay the note and interest, they should find for the defendants, unless they further found that such payments were made for securing the extension of payment. The court also instructed the jury that in considering the instructions they must consider them altogether as one charge. We think the instructions were fair and favorable to the plaintiff. Nowhere in the evidence does the plaintiff distinctly claim that he ever made a contract with the defendants for usurious interest. The note itself provides for no usurious interest. The agreements read in evidence by him, covering as above stated the sum of $100 only, state that the money was paid for extensions, and not for interest, and yet he gets the benefit of an instruction that no part of the money can be applied to the reduction of the principal, if it was paid on account of interest, which, under the evidence, could mean usurious interest only.

The plaintiff also complains of the refusal of this instruction :

"The jury are further instructed that, inasmuch as the defendants, by the agreements read in evidence, applied the payments therein mentioned upon the extension only of the loan in question, defendants cannot now have such payments applied upon the principal of said debt.

"And, with reference to the receipts given by plaintiff to defendants for payments made to plaintiff, the jury are instructed that the effect of the same cannot be varied by parol evidence so as to effect a different

credit from that declared by such receipts, but that the payments must be held by the jury to have been made upon the account indicated by such receipts."

The first part of this instruction, as far as plaintiff was entitled to it, was covered by another instruction given for him, which, at the same time required the jury to find that the agreements read in evidence were executed by the defendants in order to have the effect claimed. As there was some controversy on that point, it is evident that the qualification was proper, and that the court could not assume the fact, as it was requested to do by the plaintiff. In regard to the second part of the instruction it will suffice to say that neither of the receipts referred to are signed by the defendants, or either of them, and that as some of these receipts were given to a party other than either of the two defendants, such party acting as mere carrier of the money, and without any apparent authority from either of the defendants to make a contract in their behalf, it is not apparent how all these receipts can be claimed to be written contracts binding upon the defendants. The instruction therefore was properly refused.

All the judges concurring, the judgment is affirmed.